I understand that counsel in all of today's argued cases are present either live or by video. So go ahead and get started. The first case on the calendar for today is May it please the court. Good morning, your honors. I'm Susan Wolf. I represent Jose Gonzalez-Reyes. There's no dispute in this case on this appeal that a remand is required. And there's also no dispute that the conduct at issue, which is the giving of a false name and date of birth, I believe also a place of birth, is not an obstruction of justice. And I won't speak for the government, but the reason why is because there was no actual hindering of the government's investigation or prosecution. The issue is whether the 37-month sentence that was imposed was based on a finding of obstruction of justice for having given that false information at the time of his arrest. There was the sentencing in July, and then there was a continuation of sentencing in August. Can I ask what happened at the July conference, if anything, that prompted the continuation hearing? I can't think of anything. I was just wondering. I would be speculating, but I can't think of anything specifically. Well, only this. There's nothing on the record. I'm not asking you to guess. I was just wondering if there was something that we could point to. I would be guessing that the judge realized he'd left the guideline range open-ended. But that's a guess. So in August, at this subsequent proceeding, the judge stated a firm belief, a firm finding, that Mr. Gonzalez-Reyes had committed an obstruction of justice because of the false information he gave at the time of his arrest. What exactly do you want to occur on this remand? What I'd like, what I think should occur is it's remanded for the determination of an appropriate guideline range without consideration of, and I'll get back to consideration, without the scoring of the obstruction of justice guideline, i.e. without including the two levels. You want the guidelines recalculated omitting any obstruction enhancement. Correct. And also, I wanted to be clear that the conduct, this court's determination is that the conduct is not obstruction. So that when the judge, the district court judge, looks at it again, he's looking at a 30 to 37 month range without believing that what he had in front of him was an obstruction of justice. And the confusion is, there are two separate statements concerning obstruction, and it's not clear really which way he was going on obstruction. There's a lot of things that were unclear, but I thought that his statements in the August conference were clear. That he said he had scored it, scored the obstruction enhancement, and that he was clear as day that this was an obstruction. And I think I can give you that. I think it's page six. It's 55, 53, 55. 65 through 60. I have 65 to 67 of the appendix. A, 65 through 67. 65, 67, you're right. Yeah. Well, here he's saying I'm not giving the points because I find he didn't deface his fingerprints. Correct. And then later on, at the subsequent hearing, he says he believed that the obstruction points were proper. For, later on he says that he believed the obstruction points were proper for the giving of false information at arrest, and that he hadn't made that clear at sentencing. He said at sentencing, he said no obstruction points for the fingerprints, but he omitted to clarify that he was assessing them for the false information. I'm actually making that clearer than it was. But one way or another, there needs to be a remand and it needs to be clear that the conduct, the false information conduct is not an obstruction under the guidelines. If the obstruction points go away, what's the difference between the PSR's guideline range and the defendant's calculation? PSR was 37 to 46. Right. The defendant's calculation is 30 to 37, which is the same guideline which the judge put in his statement of reasons. But he didn't pick a guideline between those two at the time of sentencing. And it's important because even if the judge said or concluded- He could certainly consider the false information as part of the 3553 factors. But would he have given 37, 35, 32, 30, if he had understood that this is not a guidelines level enhancement. The conduct is not something the guidelines recognize as an enhancement. I think I've covered that and I submit that there should be a remand with directions to calculate the guidelines appropriately without an obstruction enhancement. And if there are no further questions, I will come back on rebuttal. Thank you. He's remanded, right? I mean, he's serving a sentence. Yes, he is. And so he would appear by video for this? Probably, yes. He's in- Where he is? He's in, I want to say Missouri, but wherever it is, it's far away. Okay. Thank you. Thank you, counsel. Thank you. We'll hear from the governor. Good morning. May it please the court. Thomas Sutcliffe on behalf of the United States. This appeal concerns a challenge to a guidelines enhancement that the district court never actually imposed. Gonzalez-Reyes has argued on appeal that the district court incorrectly determined that he obstructed justice. Well, you would agree, wouldn't you, that Judge McAvoy was less than pellucid about what he was intending to do, right? Your Honor, I think at the July 21st sentencing hearing, which we would submit as the one that controls, the one before the notice of appeal was filed, that hearing, the record that he left was actually quite clear. The district court made it clear that it was not applying Section 3C.1.1, and that's true for several reasons. Right. But what about August? I'm sorry? August is where the, I think, a degree of confusion appears. I agree, Your Honor. But the problem with the August 20th hearing, although the district court does appear to reverse prior determination regarding the applicable guidelines range, the position is that occurs after a notice of appeal had been filed. And as this court has repeatedly held, the filing of a notice of appeal divests the district court of jurisdiction over any aspects that fall within the scope of that appeal. Well, if there's an aid-to-appellate-review exception, wouldn't there be the opposite of that, whatever you'd call that, hindrance-to-appellate-review exception? He mucked things up after, and we would consider that in the same way that we would if it was helpful. Well, Your Honor, the problem with the an aid-of-appellate-review exception is twofold. First, the way that this court has described that exception to the divestment rule is that it's to clarify earlier ambiguous rulings. There was nothing ambiguous about the July 21st ruling. Can I ask you to comment? Come now, come now. Sorry. I think I'm going to say the same thing without the... You go first. Please. Can you point us to where in the July 21st on-the-record sentencing the court says we're not applying the obstruction enhancement? Yes, Your Honor. At the very end of the hearing, defense counsel asked the district court to clarify its ruling with respect to the obstruction enhancement. In that regard, I'm referring now to page 56 of the appendix. The district court responds that, quote, I'm not including that. That's also consistent with the findings that the district court had made. Earlier, the district court had ruled, after hearing live testimony, that Gonzalez-Reyes had not intentionally altered his fingerprints. Yeah, but you don't know what he did because he didn't make any guideline calculations. Your Honor, I think what the district court did is it laid out the two potential ranges and explained that they hinged on the obstruction enhancement. Yeah, but he didn't tell how he got there. Your Honor, he cited to the PSR. The PSR calculated 37 to 46. It set forth its calculations, and one of those calculations was the 3C1.1 enhancement. The district court explained that if you took away that enhancement, you'd be left with 30 to 37. So it was either a 30 to 37 range or it was a 37 to 46 range. Putting aside your contention that the August discussion was after a notice of appeal had been filed, would you agree that a certain degree of confusion was injected as a consequence of those comments? Should I refer to the comments on August 20th? Yeah. Your Honor, I think confusion was injected in the sense that there is a conflict between the July 21st and August 20th rulings. So there was confusion, correct? There's confusion in the sense that there's a conflict, but because it's the July 21st that controls. I said put that aside. That was the introduction to my question to you. Put that aside for a minute. Your Honor, I think there's confusion in the sense that there's two conflicting guidelines interpretations. In that sense, yes. What is the government's possible objection to having this matter clarified? It doesn't make any difference much to you. It doesn't make much difference in the scheme of things to Ms. Wolf, but it may make a great deal to this defendant. It may mean that the number of months that he's incarcerated will change. Might not, but it could. Your Honor, the- Right? Yes, Your Honor. So what's the government's objection? It's not going to take, I know you're a very, very busy assistant and you'll have to take a half hour of your busy time to attend to this matter. But beyond that, what's the government's objection to just being sure that in a matter as important as a sentencing, the district judge got it right and we can all rest assured that we know with clarity what he did? Your Honor, the district court, excuse me, the government does not object to a remand. It has previously moved for a remand in this case. To the extent there's any disagreement at all, I think it's simply on the scope of a remand. The government is not proposing a plenary remand where the district court would recalculate the guidelines range. He hasn't calculated the guidelines. Your Honor, the government would submit that he in fact did on July 21st. Okay. And I would further submit that this court doesn't have to weigh in on the issue of the applicability of Section 3C1.1. But as the government has stated in its papers, it has no objection to the court remanding for the district court to clarify its imposition of a 37-month term of imprisonment with the correct guidelines range in mind, the one that it's already calculated. So there is no objection to that sort of a clarification, to a limited remand for that purpose. And we can see with clarity whether he, it appears that you're right, that he did not intend to include an obstruction enhancement in his calculations. But all this seemed to throw some confusion in there, right? Your Honor, yes. I think August, again, is confusing. But again, we would submit that the guidelines range was determined. It was determined at a point that the district court had jurisdiction. I think the most ambiguous piece of this record is the district court's remarks in August where it appeared to either misrecall or misremember its own previous guidelines calculation. Clarification from the district court as to whether it was imposing a term at, whether it thought it was imposing a term at the high end of a lower guidelines range or the bottom of a higher guidelines range would be appropriate. And the government would not object to remand for that purpose. I don't read your brief as contesting in the alternative the proposition that the obstruction enhancement is inapplicable here. Am I misreading it? I don't see any argument from the government that if we're wrong about what the trial court did and if the district court, in fact, did apply the enhancement, that's okay because this giving the wrong name could support the enhancement here. You're not making that argument. That's correct, Your Honor. The government does not dispute that. On the record as it currently was developed that the 3C, there is not sufficient evidence in the record for the application of 3C1.1. Given that the district court determined that there was no, the government had not proved an intentional altering of the fingerprints. So we're all on the same page that this is not a case where an obstruction enhancement is appropriate. And you think that he did not impose one. Your Honor, I don't think the obstruction is appropriate based on the facts as developed. And yes, Your Honor, the government does not believe that the district court imposed it. That's correct. Just to be clear, the district court was permitted to consider the false statements that Gonzalez-Reyes made to law enforcement for purposes of selecting a sentence within the applicable guidelines range. And it appeared to do just that on July 21st. It did reference his false statements. And the commentary to the guidelines permitted to do precisely that. But it did not find that it warranted a higher guidelines range as a result of that. Your Honor, otherwise, unless the court has any further questions, the government will rest on its briefs. Thank you very much. Thank you, counsel. Thank you. Ms. Wolk, please reserve a few minutes for rebuttal. Thank you. Just two very quick points because it seems like we might all be on the same page. That as far as the appellant's concerned, the district court didn't reverse itself in August. It explained what it had done, which is found an obstruction, a guidelines quality obstruction that factored into the sentence. And my concern is that we're risking bouncing up and back. What would you have the decredal paragraph in a writing from this court say? Something to the effect that the case is remanded for the determination of the correct guidelines range without application of the 3C1.1 enhancement. And resentencing. Resentencing, yes. Nothing else, Your Honors. Thank you. Let me, I hadn't brought that up during your argument in chief. Let me please put the same question to the government. What would you have this court say in the decredal paragraph of a writing resolving this? Your Honor, I think, I don't know that it differs substantially from what the appellant has proposed, but essentially to determine whether or not it wishes to again impose a 37-month term of imprisonment given that the guidelines range is 30 to 37 months. Thank you. Thank you both. We'll take the case under advisement. Thank you both.